IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHIRLEY BOHANNON-HINGSTON;

    Plaintiff,                                No. CIV S-11-776 KJM-EFB

    vs.

THE BRACHFELD LAW GROUP, a
professional corporation                       ORDER

    Defendant.

/

        This matter comes before the court on defendant The Brachfeld Law Group's motion for summary judgment. Plaintiff opposes the motion. For the reasons set forth below, defendant's motion is DENIED.

        Plaintiff filed her complaint in March 2011, alleging that defendant violated the Fair Debt Collection Practices Act and the California's Rosenthal Fair Debt Collection Practices Act. In April 2011, defendant filed an answer, generally denying the majority of plaintiff's allegations. Defendant now seeks summary judgment of each of plaintiff's claims.

        Defendant's motion for summary judgment, however, is procedurally defective. Specifically, defendant failed to file a "Statement of Undisputed Fact" in violation of the Eastern District of California's local rules. See E.D. Cal. L.R. 260(a) ("[e]ach motion for summary judgment shall be accompanied by a 'Statement of Undisputed Facts'"). Defendant's motion for

1

summary judgment is denied on that basis. E.D. Cal. L.R. 110. Defendants, however, are granted leave to re-file the motion to cure the procedural error.

The court also notes other procedural abnormalities underlying both defendant's motion and plaintiff's opposition. Specifically, both parties fail to cite to any underlying evidence as the basis for their respective positions on the motion for summary judgment.[1] Instead, both parties consistently refer to the sufficiency of the allegations set forth in plaintiff's complaint. In this regard, both defendant's motion and plaintiff's opposition take the form of a motion for judgment on the pleadings rather than a motion for summary judgment. .

The court notes further that plaintiff, in her opposition, argues that her "pleadings" allege sufficient facts that give rise to an issue of material fact. However, "a party asserting that a fact cannot be or is genuinely disputed" cannot merely rely on the pleadings; instead, it "must support the assertion by citing to . . . depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admission, interrogatory answers or other materials." Fed. R. Civ. P. 56(c)(1)(A). A failure to cite to any underlying evidence can be fatal to a contention that triable issues of material fact preclude summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

For the foregoing reasons, defendant's motion for summary judgment is DENIED. The court grants defendant leave to re-file its motion for summary judgment or file a motion for judgment on the pleadings in accordance with Federal Rule of Civil Procedure 12(c).

DATED: October 17, 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Defendant, under the summary judgment standard set forth by the Supreme Court in *Celotex,* 477 U.S. at 324, is not required to submit any evidence because plaintiff bears the ultimate burden of proof at trial. Nevertheless, the overall tenor of defendant's motion goes to the sufficiency of the allegations in plaintiff's complaint, and thus, the motion tends to take the form of a motion for judgment on the pleadings rather than a motion for summary judgment.